

# THE ATTORNEY GENERAL
## OF TEXAS

~~GERALD C. MANN~~
AUSTIN 11, TEXAS

Board of Insurance Commissioners
Austin, Texas

Gentlemen:

Attention: Mr. D. B. Barrow

Opinion No. 0-3015
Re: Construction of Articles 4725
and 4706, concerning eligible
investments for life insurance
companies and fire or casualty
insurance companies in Texas,
respectively, involving partici-
pating certificates or mutual
investment concerns.

We acknowledge receipt of your letter of January 2, 1941, request-
ing an opinion from this department upon questions propounded, your letter
being as follows:

"I am enclosing for your consideration, in connection with
the questions asked in this letter, the following papers:

"'Prospectus of the Hamilton Investment Plan, Consolida-
tion of Trust Indenture of the Hamilton Depositors Corporation
and The International Trust Company as to Hamilton Trust Shares
and Hamilton Trust Shares Certificate.'

"I am also enclosing a Prospectus of the Massachusetts In-
vestors Trust and a Prospectus of the Boston Fund, Inc. The
legality of investment of insurance companies' funds in the
Hamilton Trust, the Massachusetts Investors Trust and the Boston
Fund, has been questioned and we, therefore respectfully request
an opinion from you about the matter.

"In connection with the Hamilton Trust, your attention is
directed to the statement made on Page 4 of the Prospectus where-
in there is stated 'This is not an investment in the stock of the
Hamilton Corporation,' and to the statements made on Page 6 under
the heading 'Brief Summary of the Hamilton Plan.' In a letter
received by this Department and signed by the President of the
Hamilton Corporation, there is stated: 'There is no essential
difference, as far as we can see, between investing in our fund
and investing in the individual stocks.'

"Your attention is also directed to the fact that in the Massachusetts Investors Trust and the Boston Fund, Incorporated, the investing company or individual does so by purchasing shares of the trust. Your opinion is respectfully requested in connection with this matter as to the following questions:

"1. May the funds of a Texas Life Insurance Company be invested with the Hamilton Depositors Corporation for Hamilton Trust Shares Certificates and if so, must the various stocks purchased by the Hamilton Depositors Corporation be stocks of companies which are eligible investments for the funds of a Texas Life Insurance Company in accordance with the provisions of Section 3 of Article 4725 of our insurance statutes?

"2. May the funds of a Texas Fire or Casualty Insurance Company be invested with the Hamilton Depositors Corporation for Hamilton Trust Shares Certificates and if so, must the various stocks purchased by the Hamilton Depositors Corporation be stocks of companies eligible for investments by Texas Fire and Casualty Insurance Companies in accordance with the provisions of Article 4706, Section D of our insurance statutes? In this connection, it should be noted that the above referred to Article provides in effect that the funds of a Texas Fire and Casualty Insurance Company may be invested in the stock of a solvent dividend paying corporation incorporated under the laws of a state in which the insurance company is duly authorized to conduct an insurance business.

"3. May the funds of a Texas Life Insurance Company be invested in the Massachusetts Investors Trust Shares or Boston Fund, Inc., and if so, is it necessary that all of the stocks owned by the Trust be stocks eligible for investment by a Texas Life Insurance Company in accordance with Article 4725 of our insurance statutes?

"4. May the funds of a Texas Fire or Casualty Insurance Company be invested in Massachusetts Investors Trust Shares or Boston Fund, Inc. Trust Shares and if so, must the stocks owned by the Trust be eligible investments for the insurance company in accordance with the provisions of Article 4706 of our insurance statutes, and must the Texas Fire or Casualty Insurance Company be authorized to transact business in the State of Massachusetts?"

None of the certificates or shares mentioned by you are eligible for investment by the respective insurance companies mentioned.

Life insurance companies incorporated under the laws of this State are authorized to invest their surplus, or any part thereof, over and above

the amount of their reserves and capital stock, in the "capital stock, bonds, debentures, bills of exchange, or other commercial notes or bills and securities of any solvent dividend-paying corporation which has not defaulted in the payment of any of its obligations for a period of five (5) years, * * *". (Vernon's Civ. Stat. Anno. Art. 4725(3).

Corporations other than life, health and accident insurance companies organized under the laws of Texas are authorized to invest their funds over and above their paid-up capital stock in: "* * * (d) the stocks or bonds or other evidences of indebtedness of any solvent dividend-paying corporation, incorporated under the laws of this State, or of the United States, or of any state, country, or province in which such company may be duly licensed to conduct an insurance business."

It will thus be seen a security to be eligible for either class of these Texas corporations must be the direct obligation of the issuing corporation. The statutory definition of eligible securities excludes, therefore, stock or shares evidencing merely participating interests by the holders in the net profits if any of the issuing concern. Such a plan is in the nature of a mutual investment company.

An examination of the literature of the respective issuing companies in the present case discloses that their shares or certificates do not represent direct pecuniary obligations of the issuing companies, as contemplated by the statutes, but on the contrary, represent merely participating interests in the net earnings (if any) of the issuing concern. For this reason, such stock, shares, or certificates, by whatsoever name called, do not constitute eligible investments for our insurance companies.

Moreover, with respect to the Massachusetts Investors' Trust shares or Boston Fund, Inc., it is not clear that such concern is a corporation, within the meaning of that word, as it is used in our statutes, or understood generally. On the contrary, there is evidence in the literature of that company indicating it is a mere voluntary association of individuals governed by trustees and not by the board of directors contemplated by the laws governing corporations generally. If this be true, its securities are not eligible, because it is not a corporation, as required by the statutes above quoted. However that question may be, its certificates or shares fall within the condemnation first above discussed.

We trust this will be a sufficient answer to your inquiries.

APPROVED JAN 22, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours
ATTORNEY GENERAL OF TEXAS
By  /s/ Ocie Speer
Ocie Speer
Assistant

OS-MR-IM
OK
/s/ GWB

APPROVED OPINION COMMITTEE
BY  /s/ B.W.B.
CHAIRMAN